RECEIVED JAN 13 2014 CLERK, U.S. DISTRICT COURT DISTRICT OF MONTANA MISSOULA

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| DOUGLAS SCOTT McALPIN,<br><br>Petitioner,<br><br>vs.<br><br>LEROY KIRKEGARD, Warden Montana State Prison; ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>Respondents. | CV 12-143-M-DLC-JCL<br><br>ORDER |

*Pro se* Petitioner Douglas Scott McAlpin ("McAlpin") filed this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. McAlpin argues his 2010 conviction for failure to register as a violent offender violated his Fourteenth Amendment right to due process for several reasons: (1) he was coerced to register as a violent offender in 2005; (2) he was not required to register as a violent offender under Montana law; (3) he was not given proper notice of his duty to register; (4) his 2010 guilty plea was coerced; (5) Montana's retroactive violent offender registration requirements are unconstitutional; (6) he was the subject of malicious prosecution and judicial misconduct; and (7) his attorney provided ineffective assistance.

1

United States Magistrate Judge Jeremiah C. Lynch entered Findings and Recommendation (Doc. 15) on September 23, 2013, and recommended dismissing McAlpin's petition for lack of merit and denying his certificate of appealability. McAlpin timely filed objections and is therefore entitled to de novo review of the specified findings and recommendations to which he objects. 28 U.S.C. § 636(b)(1). The portions of the findings and recommendations not specifically objected to will be reviewed for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). McAlpin itemized seventeen objections to Judge Lynch's findings and recommendations. However, many of these objections do not specifically set forth any legal or factual objection to the findings and recommendations or were duplicative. Therefore, the Court will only address seven of McAlpin's objections. For the reasons stated below, this Court adopts Judge Lynch's findings and recommendations in full. The parties are familiar with the factual and procedural background of this case, so they will not be repeated here.

## I. Coerced Registration

McAlpin argues that his due process rights were denied because his signature on the violent offender registration form was effectively a "confession" and he was not provided an attorney or given a Miranda warning to protect against

2

self-incrimination. (Doc. 21 at 3-4). However, McAlpin's signature was not a confession. Montana law requires that a "violent offender . . . shall register within 3 business days of entering a county of this state for the purpose of residing or setting up a temporary residence for 10 days or more or for an aggregate period exceeding 30 days in a calendar year." Mont. Code Ann. § 46-23-504(c). McAlpin was not confessing to a crime when he signed the registration form, he was complying with a Montana law that required violent offenders to register with the state when establishing residency. McAlpin's status as a violent offender was designated by statute and did not hinge on his consent to registration. Additionally, the United States Supreme Court has held that sexual and violent offender registration requirements do not violate an offender's due process rights. *Connecticut Dept. of Public Safety v. Doe*, 538 U.S. 1, 4 (2005) (Court held that Due Process Clause did not entitle offenders to a hearing to determine whether they are currently dangerous before being required to register). Judge Lynch correctly found that McAlpin's due process rights were not violated when he was required to register as a violent offender.

## II. Requirement to Register as a Violent Offender

McAlpin asserts that he was not required to register as a violent offender because he was convicted out-of-state and Tennessee never informed him of any

violent offender registration requirements. McAlpin bases this argument on Montana Code Annotated § 46-23-503.

McAlpin misinterprets Montana law. Section 46-23-503 outlines the duties of Montana officials when releasing a sexual or violent offender from the custody of the Montana department of corrections. Because McAlpin was convicted of a violent crime out-of-state, the applicable statute is § 46-23-504, which requires all violent offenders, whether or not they were convicted by the state of Montana, to register when establishing residency. McAlpin's reliance on § 46-23-503 is thus misplaced. Judge Lynch was correct that McAlpin was required to register as a violent offender.

### III. Notice of McAlpin's Duty to Register

McAlpin asserts that he was not afforded the proper notice required under Montana law because he was an out-of-state offender and, therefore, could not be notified of his duty to register. Specifically, he argues that because he was not released from a Montana institution and was not given the proper notice required under § 46-23-503, his 2010 conviction was in violation of his constitutional right to due process.

Again, McAlpin's reliance on § 46-23-503 is misplaced. As stated above, the applicable statute in this case is § 46-23-504, which requires all violent

offenders, even if convicted out-of-state, to register with Montana. Additionally, the United States Supreme Court has held that registration laws do not violate a person's due process rights if: (1) the person had "actual knowledge of the duty to register or proof of the probability of such knowledge"; and (2) that person subsequently failed to register. *Lambert v. People of the State of California*, 355 U.S. 225, 229 (1957). Here, there is proof of the probability that McAlpin knew of his duty to register because he signed the registration form in December of 2005 which informed him of his duty. Also, during his 2010 guilty plea colloquy, McAlpin stated that he knew Montana required him to register and that he had tried to register as a violent offender in California and Oregon, but failed to register in Montana when he returned to the state. (Doc. 11-1 at 3, 4-5.) Thus, there is ample proof that McAlpin actually knew or probably knew of his duty to register.

### IV. Alleged Coerced Guilty Plea

McAlpin alleges that he was coerced by his lawyer and the state district court judge who presided over his case into making his 2010 guilty plea. He argues that his guilty plea was coerced for two reasons: (1) his lawyer and the judge knew that Montana law did not apply to him; and (2) the "knowing" element

of the charge was not satisfied, i.e., McAlpin did not know of his duty to register when he pled guilty.

First, as stated above, Montana law applies to McAlpin and he was required to register as a violent offender when he established residency in Montana. Mont. Code Ann. § 46-23-504. McAlpin's assertions that his lawyer and the judge knew that Montana law did not apply to him are irrelevant. Montana's offender registration requirements apply to all violent offenders, whether or not they offend in Montana.

Second, a plea of guilty is valid if the plea is made intelligently and voluntarily. *Brady v. United States*, 397 U.S. 742, 747 (1970). A plea of guilty is not voluntary if the accused "has such an incomplete understanding of the charge that his plea cannot stand as an intelligent admission of guilt." *Henderson v. Morgan*, 426 U.S. 637, 645 n. 13 (1976). Due process requirements are satisfied if the accused is notified of the essential elements of the crime. *United States v. Minore*, 292 F.3d 1109, 1115 (9th Cir. 2002). Here, McAlpin's guilty plea was made intelligently and voluntarily. During his guilty plea colloquy, McAlpin was questioned on whether he understood the essential elements of failing to register as a violent offender in Montana and he responded in the affirmative. McAlpin admitted he was a violent offender (Doc. 11-1 at 4), who established residency in a

6

Montana county (*id.* at 5), and failed to register his address with the state (*id.*). The 2010 guilty plea colloquy clearly shows that McAlpin understood the charge brought against him. Additionally, as stated above, McAlpin knew of Montana's registration requirements. Judge Lynch was correct that McAlpin's guilty plea was not coerced.

## V. Retroactive Registration Requirements

Judge Lynch found that McAlpin does not present a "cognizable federal constitutional objection" to Montana's retroactive violent offender registration requirement. (Doc. 15 at 11). McAlpin objects to Judge Lynch's finding and recites a litany of constitutional principles in support of his argument that Montana's retroactive offender registration requirements violate due process. However, as stated above, the United States Supreme Court has consistently held that retroactive offender registration statutes satisfy constitutional due process requirements. *Connecticut Dept. of Public Safety v. Doe*, 538 U.S. 1, 4 (2005). McAlpin does not allege any facts showing why his situation is different than the defendant in *Connecticut Dept. of Public Safety* or that Montana's offender registration requirement presents a different constitutional question than the state statute at issue in *Connecticut Dept. of Public Safety*. As such, Judge Lynch

correctly found that Montana's violent offender registration requirement satisfies constitutional due process requirements.

## VI. Malicious Prosecution and Judicial Misconduct

McAlpin also objects to Judge Lynch's finding that McAlpin was not the subject of malicious prosecution or judicial misconduct. McAlpin contends that the actions of the prosecuting attorney and the state district judge "so infected the court with unfairness as to make the resulting conviction a denial of due process." (Doc 21 at 49.) However, McAlpin fails to cite any facts in support of this argument other than bald and conclusory allegations that the prosecuting attorney and the judge were prejudiced against him and that they treated him unfairly. McAlpin also alleges that the prosecuting attorney and judge knew Montana's offender registration requirements did not apply to him, but he was prosecuted anyway. As stated above, Montana law applies to McAlpin and his assertions to the contrary are incorrect. The Court agrees with Judge Lynch that McAlpin's claims of malicious prosecution and judicial misconduct are without merit.

## VII. Ineffective Assistance of Counsel

Though not addressed in Judge Lynch's findings and recommendations, McAlpin repeatedly asserts that his state appointed attorney was ineffective. Because a viable claim of ineffective assistance of counsel can deprive a defendant

8

of his Sixth Amendment rights, the Court is obligated to address McAlpin's claims. McAlpin argues two points in support of his claim: (1) his lawyer knew or should have known that Montana's registration requirements did not apply to him; and (2) he was coerced into pleading guilty because his lawyer said his chances of overturing the conviction on appeal were strong.

*Strickland v. Washington*, 466 U.S. 668 (1984) established the federal standard of review for ineffective assistance of counsel. This standard is "reasonably effective assistance." *Id.* at 687. McAlpin can prevail on a claim of ineffective assistance if he can show that his "counsel's representation fell below an objective standard of reasonableness," *id.* at 688, and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id.* at 694. McAlpin's assertions do not meet this standard.

First, as repeatedly stated above, Montana's registration requirements are applicable to McAlpin and his first point is irrelevant to the issue of ineffective assistance of counsel. Second, the fact that his attorney may have given him the false hope of prevailing on appeal does not establish the reasonable probability that, but for this legal advice, McAlpin would have been acquitted of failing to register as a violent offender. McAlpin's chances on appeal had no bearing on

9

the probability of his conviction. Thus, McAlpin fails to show that his counsel was ineffective.

After a review of Judge Lynch's remaining findings and recommendations, I find no clear error. Accordingly,

IT IS ORDERED that Judge Lynch's Findings and Recommendations (Doc. 15) are adopted in full. McAlpin's petition (Doc. 1) is DENIED. The Clerk of Court is directed to enter by separate document a judgment in favor of Respondents and against McAlpin. A certificate of appealability is DENIED because McAlpin's claims lack merit.

DATED this 13th day of January, 2014.

Dana L. Christensen, Chief Judge
United States District Court